*210
The opinion of the court was delivered by

Mr. Justice Jf.ott.

The usual method of proving an instrument of writing", Where there is no subscribing witness, is by proof of the hand writing. But that could not be expected in this case, as the party cannot write. Even if her name had been subscribed to the letters, the difficulty would not have been lessened. Some other method must, therefore, be resorted to, and why may not the letters be looked into. If they furnish internal evidence of •the source from whence the}' were derived, I can see no reason why we may not avail ourselves of that evidence. Thus for instance, if they relate to facts which cannot be known to any other person, it will be presumed that they were written by her .authority. JLf they embrace a number of facts which relate to her and her situation, and which cannot apply to any other person, each of those facts constitutes a link in the chain of circumstances, which go to strengthen the presumption. In ordinary' cases, such evidence will not be allowed, because the writing is always presumed to be by the person by whom it purports to be, .written, and proof of the hand writing, therefore, is higher •evidence, But in the present case, the evidence offered was the best which the nature of the case could afford. Whether it would have been sufficient to establish the fact, is another question, hut I think it ought to have been submitted to the jury.
The certificate from the Comptroller’s Office, I think, Was .properly rejected: It was the certificate of a clerk only, and .therefore was nothing more than a private paper. The certificate of the Comptroller himself, is required by the act of the-legislature, (1st. Brevard, 319,) to render it competent evidence. The inducements which led to that act, probably were the inconvenience which would result from frequently calling a public officer from the duties of his office, and also the credit which is due to a person high in office and in whom great confidence is necessarily .reposed, but none of these reasons can apply ter the clerk, and therefore it cannot be supposed that he was intended to be embraced by the act.
The next ground relates to the charge of . the judge., ip which he instructed the jury, that even if they were of opinion that this was a voluntary note, the plaintiff was entitled to *211 ¡recover. By a voluntary note, I understand, is meant a mere gratuitous promise, without any. consideration. The payment of such a note certainly cannot be enforced in a court of common law. By the. principles of the common law, a consideration of some sort is necessary to'every contract, but bond3 and other specialties, from the solemnity of the seal, carry with them intrinsic evidence of consideration, which cannot be controverted, unless the consideration be unlawful. Judge "Blackstone seems to think (2 Com. 445,) that simple written contracts derive the same solemnity from the subscription of the maker, that special contracts do from the seal, and justice Wilmot, lays it down as doubtful whether any contract in writing can be considered nudum pactum. Pillans Rose, vs. Van Mierop Hopkins, 3 Burr. 1663. But it is settled that the mere reduction of a contract to writing, will not change it’s character, and that a contract, though in writing, is void, if without consideration. In the case of Rhann, vs. Hughes, 7 Durnford East 346, which was referred to all the judges of England for their opinion, it .is said that there are but two kinds of contracts in England, to wit, special contracts, and contracts-by parol. That there is no such intermediate or third class, as written contracts, not under seal, and that written contracts not Under seal, are mere parol contracts. The consideration therefore, may be enquired into; and the rule applies as well to promissory notes, as long as they are in the hands of the original party, as to other Written contracts not under seal; 1 Com. on Con. 12. In the second volume of an American edition of Phillips on evidence, p. 11, it is laid down that in ah action by the payee against the maker of a promissory note, the matters of defence, which may be given" in evidence under the general issue, are governed by the rules applicable to the action of assumpsit in general. The defendant may show that the consideration of the note was illegal and void, or that it was given without consideration. Fink, vs. Cox, 18 Johnson, 145, Skilding & Hacght vs. Warren, 15, Johnson, 270. As between the original parties, a note without consideration is no more than a parol promise to pay money as a gift, which is not a ground of action; it is a nude pact and void as between the ori« *212 ginal parties to it, and a number of authorities are quoted lu .support of the doctrine»
The same principle has been laid dówli íá cur owii courts.. In the case of Rugely & Davidson, 2nd. Const. Decís. 40', Judge Gantt, who delivered the opinion of die court, says, that between the immediate parties to a negotiable instrument:, oí tu the transfer of such an instrument, it is competent for the defen-» dant, notwithstanding the words “value received,” to prove that no consideration had in fact passed from the plaintiff; and in further illustration of the rule, we are almost daily in the habit of permitting the drawer of a note to show that it was given for *he accommodation of the payee, although expressing on its face to be for valued received. I think therefore, that the opinion of the presiding judge on that point cannot be maintained.
Tliis brings me to the consideration of the next ground; which is a supposed misdirection of the. judge, in instructing the jury, that if they should be of opinion that the .note was given in consideration of past cohabitation, the plaintiff was entitled to a verdict. The only cases that I can now recollect, either in this State or in England, where this question has been involved, have arisen upon bonds or deeds, wherein the comido-ration could not be enquired into, unless it could be shewn to be unlawful; and therefore, where a bond is given in consideration of past cohabitation, it is good, because where the consideration has been gratuitous, the bo¿id must be considered as voluntary. The English decisions upon the subject arfe considered and seem to be recognized as correct, in the case cf Cusack & Wife, vs. White 2nd Const. Decís. 279. The judge who delivered the opinion of the court in that case, speaking of the case of Turner and Vaughn, ■2nd Wih.on 339, which was an action on a bond, expressed on Its face to be for past cohabitation, says, the English judges held it to be a good and “meritorious” consideration. Perhaps that is rather too strong an expression; for although a person may be entitled to merit for making reparation for injured reputation, whether occasioned by seduction or otherwise, the act itself of unlawful cohabitation can never be considered meritorious. I presume, therefore, that p&st «oliabiíatiou, under any circumstances, would not be considered £,$ 2 consideration on which an action of assumpsit could be *213 maintained, without some written agreement: and it follows from the principles above laid down, that the mere fact of reducing it to writing, or giving it the form of a promissory note, cannot make it so. When the consideration is gratuitous, a promise made afterwards must be considered as equally gratuitous and voluntary; and therefore it mustbe optional with fhe.party whether he will perform it or not. It is otherwise with bonds, which, though voluntary, must be supported in a court of law. Whether a promissory note, given for the actual injury sustain-, ed in reputation by seduction, would be supported, as bottomed on a good consideration, is a question which does not occur in this case; but I am satisfied that if the notes in question were given in consideration of cohabitation, though past, they must be considered as voluntary and the plaintiff’s action must fail.
With regard to the last exception to the opinion of the ¡court, -in which the jury were instructed, “that if the notes were -given in consideration of property surrendered to the plaintiff, even though that property had been given in consideration of future cohabitation; the plaintiff was entitled to recover,” I think as an abstract rule of law, the opinion was correct. With regard to the application of it to this particular case, I -am not disposed to express any opinion. That will afford a subject for ihe consideration of the jury, whenever the case shall be again submitted to them. If a person should actually transfer property by deed, properly executed, accompanied by delivery and possession of the property, I think it could not be reclaimed, even though die title were founded on a base consideration. I think the rule would apply, mdior est conditio possidentis; and when property is actually vested in a person, a revestiture of it will be a good consideration for a promise. But a mere pretended transfer, for the purpose of giving colour to the transaction, could not promote the object, nor would a voluntary surrender of the property, by which the parties were left in statu quo, raise a consideration for a future promise.
The evidence in this case, has afforded an ample field for speculation, if we had been disposed to give expression to the reflections to which it was calculated to give rise. But I have forborne to give any opinion upon the facts, or the policy cob- *214 nected with the case, for whatever may be the relation in which the parties stand to each other, the case ought to go down, uninfluenced by the opinion of this court, to b.e tried upon it’s merits, if any merits it has; of which the jury must judge.
jPetigru 8f Harper, for motion,
Hunt, contra.
A new trial is granted —
Bay, Johnson Huger, Justices* concurred.